**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 12-20158-01-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| JAMES NEW, | ) | **No. 17-2188-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On January 15, 2014, the Court sentenced defendant to 180 months in prison. This matter is before the Court on defendant's Amended Motion To Modify Sentence Pursuant To 18 U.S.C. § 3582(c)(2) With Incorporated Memorandum Of Law (Doc. #104) filed February 21, 2017 and defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #115) filed March 31, 2017. For reasons stated below, the Court dismisses defendant's Section 3582 motion for lack of jurisdiction, overrules defendant's Section 2255 motion and denies a certificate of appealability.

**I.     Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(2)**

Defendant asks the Court to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). The Court sentenced defendant to 180 months in prison based on the statutory mandatory minimum of life and the government request to reduce his sentence under 18 U.S.C. § 3553(e). See Judgment In A Criminal Case (Doc. #90) filed January 27, 2014 at 2; Statement Of Reasons (Doc. #91) filed January 27, 2014 at 1; Presentence Investigation Report ("PSIR") (Doc. #80) filed October 1, 2014, ¶ 83. In particular, the government recommended a reduction which would include the "equivalent" of removing the Section 851

enhancement and then granting a 50 percent reduction from the low end of that hypothetical guideline range (360 months to life). Sentencing Motion (Doc. #86) filed January 9, 2014 at 2.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). If eligible, the Court may reduce defendant's term of imprisonment after considering any applicable factors set forth in Section 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c); see Dillon v. United States, 560 U.S. 817, 826-27 (2010); United States v. Green, 625 F. App'x 901, 904 (10th Cir. 2015).

The Tenth Circuit has held that to obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

Defendant has not shown that his sentence was "based on" the Guidelines. As noted, the Court sentenced defendant to 180 months in prison based on the statutory mandatory minimum of

life and the government request to reduce his sentence under 18 U.S.C. § 3553(e). In C.D., the Tenth Circuit stated as follows:

> In the present cases, just as in [United States v.] White, [765 F.3d 1240 (10th Cir. 2014)], each Defendant's mandatory minimum sentence was greater than the high end of his applicable guideline range. Just as in White, this meant the district court ultimately had to disregard the applicable range in determining each Defendant's guideline sentence. So, just as in White, the district court's initial sentence calculation was "based on" the statute establishing the mandatory minimum rather than the applicable guideline range. The district court then exercised its discretion, just as in White, to depart from Defendant's mandatory minimum. The one possibly relevant distinguishing factor between these cases and White is that here, unlike in White, the district court exercised its discretion to depart downward from the mandatory minimum sentence pursuant to § 3553(e) to reflect Defendants' substantial assistance to the Government.
>
> But in the Tenth Circuit this distinction makes no difference. In a decision predating White and § 3582(c)(2), we—
>
>> reject[ed] the notion that once a downward departure from a statutory minimum sentence has been granted pursuant to § 3553(e) . . . the sentence has been 'opened' for additional downward departures specified in the Sentencing Guidelines. . . . When a sentence is fixed by statute, any exception to the statutory directive must also be given by statute.
>
> United States v. Campbell, 995 F.2d 173, 175 (10th Cir. 1993). Subsequently, in United States v. A.B., 529 F.3d 1275, 1281-84 (10th Cir. 2008), we reaffirmed Campbell's holding that "only substantial assistance considerations may support a downward departure below a mandatory minimum sentence." And finally, White explains that § 3582(c)(2) changes nothing: "[F]or purposes of § 3582(c)(2), a previously imposed sentence can *never* be 'based on' a discretionary departure." White, 765 F.3d at 1247 (emphasis added). Because the reason for a departure from a mandatory minimum is irrelevant to White's construction of § 3582(c)(2)'s "based on" clause, such reason is irrelevant to our construction as well.
>
> White undoubtedly stands for the categorical proposition that a district court has no authority to consider a § 3582(c)(2) motion where a defendant's criminality qualifies him for a statutorily-mandated minimum sentence above an otherwise applicable guideline range, even when a guideline amendment subsequently lowers that range. In other words, nothing in § 3582(c)(2) suggests Congress intended therein to create another statutory exception to a mandatory minimum sentence where a defendant subject to such minimum previously was awarded a downward

departure for substantial assistance pursuant to § 3553(e). Section 3553(e) is one of only two congressionally-authorized exceptions to a mandatory minimum sentence. Congress has not authorized the district court to depart below a mandatory minimum sentence on the basis of factors other than substantial assistance. A.B., 529 F.3d at 1280-85 (rejecting the argument that once the district court granted the defendant a § 3553(e) departure from a mandatory minimum, the court was obligated to consider granting a variance on the basis of the § 3553(a) factors). The justification for a second departure—in these cases a two-point reduction in each Defendants' otherwise applicable guideline range after a departure for substantial assistance—has no bearing on the fact that, as a matter of law in the Tenth Circuit, Defendants' sentences were "based on" a mandatory minimum of 20-years imprisonment.

C.D., 848 F.3d at 1291-93 (footnote omitted).

As in C.D., this Court lacks jurisdiction to hear defendant's claim because his sentence was not "based on a guideline range." 18 U.S.C. § 3582(c)(2). In C.D., each of the three defendant's statutory minimum sentence was higher than the high end of the guideline range. Here, in contrast, the statutory minimum term of life was the same as the high end of the guideline range (360 months to life, before adjustment for statutory minimum). Even so, the Guidelines and statute of conviction required the Court to apply the high end point of that range. See U.S.S.G. § 5G1.1(c)(2) (sentence may be imposed at any point within "applicable guideline range" provided sentence not less than statutorily required minimum sentence). Accordingly, the Guidelines sentence was life in prison.[1]

---

[1] Contrary to defendant's assertion, the Court did not grant a 50 percent reduction from his guideline range. As explained above, his guideline range after adjustment for the statutory minimum under Section 5G1.1(c)(2) was life. If the Court had applied a straight 50 percent reduction of his guideline range, defendant's ultimate sentence would have been a 50 percent reduction of a life sentence. Based on the Sourcebook of Federal Sentencing Statistics and the average life expectancy of a federal criminal defendant, many courts equate a life sentence to 470 months. See 2016 Annual Report And 2016 Sourcebook Of Federal Sentencing Statistics, at S-163. Because the Court adopted the government's suggestion of looking at the low end of the *hypothetical* guideline range that would have applied absent the filing of the Section 851 enhancement (360 months to life), the Court did not address an appropriate numerical equivalent to a life term. The Court's reliance on a hypothetical guideline range to approximate the value of defendant's assistance does not transform the sentence to one based on the Guidelines. See C.D.,
(continued...)

Although the statutory minimum under 21 U.S.C. § 841(b)(1)(A) overlapped with the high end point of the guideline range, the statutory minimum and the statutory departure available under 18 U.S.C. § 3553(e) ultimately controlled defendant's sentence. As with the three defendants in C.D., defendant's sentence under the Guidelines was the same as the statutory minimum. See PSIR (Doc. #80), ¶ 83; C.D., 848 F.3d at 1288.[2]

The Supreme Court decision in Freeman v. United States, 564 U.S. 522 (2011), also supports the conclusion that defendant's sentence was "based on" the statutory minimum and the extent of his substantial assistance under Section 3553(e), not his guideline range. See Freeman, 564 U.S. at 535 (to ask whether particular term of imprisonment is "based on" guideline sentencing range is to ask whether that range serves as basis or foundation for term of imprisonment). In Freeman, the Supreme Court held that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is *based*

---

[1](...continued)
848 F.3d at 1292 n.4; cf. Freeman, 562 U.S. at 536 (Section 3582(c)(2) cannot be invoked to reduce sentence simply because court itself considered Guidelines in deciding whether to accept Rule 11(c)(1)(C) agreement).

[2] In C.D., the Court determined that the Guidelines sentence of the three defendants was the statutory minimum after applying Section 5G1.1(b). See U.S.S.G. § 5G1.1(b) (where statutorily required minimum sentence is greater than maximum of applicable guideline range, statutorily required minimum sentence shall be guideline sentence). Here, the Court determined the Guidelines sentence of life after applying Section 5G1.1(c)(2). See U.S.S.G. § 5G1.1(c)(2) (sentence may be imposed at any point within applicable guideline range provided sentence not less than statutorily required minimum sentence). Under the reasoning of White and C.D., the distinction appears immaterial. See generally United States v. Huntley, 571 F. App'x 903, 905 (11th Cir. 2014) (rejecting any substantive distinction between § 5G1.1(b) and § 5G1.1(c) for purposes of evaluating Section 3582(c)(2) motion); United States v. Smith, 552 F. App'x 916, 919 (11th Cir. 2014) (although prior cases involved statutory minimum that exceeded initial guidelines range and thus, under § 5G1.1(b), became the guidelines sentence, their reasoning applies with equal force to cases in which, under § 5G1.1(c)(2), statutory minimum raised low end of range). The resulting Guidelines sentence in each case was limited to the statutory minimum. In addition, in each case, the Court lacked statutory authority to depart below the mandatory minimum sentence except on the basis of substantial assistance. C.D., 848 F.3d at 1292.

*on* the Guidelines only when the plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." United States v. Quinn, No. 16-3306, 2017 WL 1149085, at *1 (10th Cir. Mar. 28, 2017) (quoting Freeman, 564 U.S. at 534 (Sotomayor, J., concurring)); see United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013) (Justice Sotomayor's concurring opinion represents holding in Freeman). The fact that an agreed sentence under Rule 11(c)(1)(C) happens to fall within the guideline range does not transform the sentence to one "based on" that range. 18 U.S.C. § 3582(c)(2). Applying the reasoning of Freeman, the "foundation" of defendant's ultimate sentence of 180 months was the statutory minimum and the extent of his assistance under Section 3553(e), not the guideline range. Freeman, 564 U.S. at 535; see also United States v. Koons, 850 F.3d 973, 978-79 (8th Cir. 2017) (artificial range after applying trumping provision of U.S.S.G. § 5G1.1(b) in no way "serves as the basis or foundation for the term of imprisonment") (quoting Freeman, 564 U.S. at 535).

For substantially the reasons stated above, the Court dismisses for lack of jurisdiction defendant's motion under 18 U.S.C. § 3582(c)(2).[3]

## II.    Motion To Vacate Under 28 U.S.C. § 2255

Defendant argues that the government breached the plea agreement when, in response to his Section 3582 motion, it argued that the statutory minimum, not the guideline range, controlled his

---

[3] Even if defendant could overcome the first hurdle for relief under Section 3582 and assuming that a reduced sentence would be consistent with a statutorily-authorized Commission policy statement, the Court would deny him relief in light of the sentencing factors found in Section 3553(a). See United States v. Juvon Smith, No. 12-20066-32-KHV, 2016 WL 2958453 (D. Kan. May 23, 2016); United States v. Kelley, No. 10-20076-06-KHV, 2016 WL 408917 (D. Kan. Feb. 3, 2016); United States v. Carrington, No. 10-20076-09-KHV, 2016 WL 248363 (D. Kan. Jan. 21, 2016); United States v. Julius Smith, No. 12-20066-31-KHV, 2015 WL 8492029 (D. Kan. Dec. 9, 2015).

sentence.  Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #115) at 5.  Defendant asserts that the government breached its obligations under the plea agreement (1) to have defendant's sentence calculated consistent with the Guidelines and (2) to recommend a sentence at the bottom of the applicable guideline range.  Memorandum Of Law (Doc. #116) filed March 31, 2017 at 4.  Defendant's argument starts with the mistaken premise that at sentencing, "the Court determined [his] Guideline range to be 360 to Life imprisonment."  Id. at 1.  In fact, as noted above, defendant's guideline sentence after adjustment under Section 5G1.1(c)(2) was life in prison, the same as the statutory minimum.  In reference to a "guideline range" of 360 months to life, the government referred to the *hypothetical* guideline range that would have applied absent the statutory minimum.  Sentencing Motion (Doc. #86) at 2.  At his plea and at sentencing, defendant fully understood that absent a departure, the statutory minimum of life (not the Guidelines) controlled his sentence.  See Plea Agreement (Doc. #52) filed June 11, 2013, ¶ 1 (penalty is "not less than life imprisonment"); Defendant's Sentencing Memorandum (Doc. #87) filed January 14, 2014 at 1 (statutory penalty includes sentence of "not less than life imprisonment"); id. at 2 (defendant facing sentence of "mandatory life imprisonment"); id. at 5 (defendant facing "statutory minimum sentence of life imprisonment"); id. at 8 ("statutory mandatory life sentence" extraordinarily severe); id. at 9 ("statutory mandatory life sentence").  In sum, defendant has not shown that the government breached its obligations under the plea

agreement.[4] Therefore the Court overrules defendant's motion to vacate his sentence.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Amended Motion To Modify Sentence Pursuant To 18 U.S.C. § 3582(c)(2) With Incorporated Memorandum Of Law (Doc. #104) filed February 21, 2017 is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #115) filed March 31, 2017 is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on

---

[4] Defendant argues that the appropriate remedy for the government's alleged breach of the plea agreement would be specific performance at a new sentencing hearing. Memorandum Of Law (Doc. #116) at 5. The alleged breach of the plea agreement occurred in response to defendant's Section 3582 motion, however, not as part of the sentencing hearing. Accordingly, the appropriate remedy for any such breach would not be resentencing.

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

defendant's Section 2255 motion is **DENIED**.

Dated this 27th day of April, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
